[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 121)
CT Page 15331
The plaintiffs, Ernie and Rosaura Duprey, commenced this action against the defendants, James and Rosa Lynda Gaito and Dawn Mascaro on December2-3, 1998. In their complaint, the plaintiffs allege that they were injured in a motor vehicle accident while stopped in traffic on route 15 in Wallingford, Connecticut. The plaintiffs further allege that Mascaro's automobile was directly behind their vehicle, and the Gaitos' automobile was behind Mascaro's.
Mascaro now moves for summary judgment on the ground that there is no genuine issue of material fact as to her liability. The co-defendant, James Gaito, has opposed this motion.
The first issue that must be discussed is whether a co-defendant has standing to object to another defendant's motion for summary judgment. The Practice Book limits opposition to a motion zoo summary judgment to those parties who are adverse to the movant. Practice Book § 17-45
provides in relevant part:
 The adverse party prior to the day the motion for summary judgment is set down for short calendar shall file opposing affidavits and other available documentary evidence.
An adverse party ordinarily can show that it has standing when it makes a colorable claim of a direct injury it has suffered or is likely to suffer, in an individual or representative capacity. Robertson v.DelSanto, Superior Court, judicial district of Hartford at Hartford, Docket No. 578887 (December 9, 1999, Teller, J.); see also, CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 553-54,698 A.2d 245 (1997). In the present case, there is no question that the co-defendants are adverse to one another. Each defendant is claiming that the other is partially or totally responsible for the plaintiffs' injuries. Therefore, James Gaito's interests are sufficiently adverse to Mascaro's to confer standing on him to object to Mascaro's motion for summary judgment. CT Page 15332
As to the merits of her motion for summary judgment, Mascaro argues that there is no issue of material fact as to her liability for the plaintiffs' injuries. Mascaro argues that because she was stopped behind the plaintiffs' vehicle when the co-defendant, James Gaito, struck her automobile and forced it into the plaintiffs' vehicle, she was in no way at fault for the plaintiffs' injuries. In support of her motion, Mascaro offers the following evidence. First, she filed an affidavit in which she avers that she was completely stopped behind the plaintiffs' vehicle. (Defendant Mascaro's Memorandum, Ex. 2.) Second, Mascaro submitted the police report in which James Gaito stated that he saw a line of stopped cars. (Id., Ex. 1.) Finally, Mascaro submitted excerpts from James Gaito's deposition in which he testified that he did not tell the police officer on the scene that Mascaro contributed to the accident and does not believe she did. (Id., Ex. 4.)
In response, James Gaito argues that there is an issue of fact as to whether Mascaro's vehicle came into contact with the plaintiffs' vehicle before Gaito's vehicle hit Mascaro's, forcing it into the plaintiff's automobile a second time. In support of his objection, James Gaito submitted a doctor's report from Ernest Duprey's treating physician, which was written two days after the accident. In that report, the treating physician wrote that the plaintiff told the doctor that his vehicle had been hit twice. The first impact came from the automobile directly behind the plaintiffs' vehicle (the Mascaro vehicle). The second impact occurred after a third automobile (the Gaito vehicle) came into contact with Mascaro's, thereby forcing Mascaro's vehicle into the plaintiffs' automobile a second time. (Defendant Gaito's Memorandum, Ex. B.). James Gaito also submitted a portion of his responses to Mascaro's interrogatories in which he states that he cannot truthfully admit or deny that Mascaro's vehicle was stopped behind the plaintiffs' vehicle, (Id., Ex. C.) In that same response, James Gaito denied that Mascaro did not contribute to the accident. (Id.)
There is conflicting evidence in this case on the issue of whether Mascaro's vehicle came into contact with the plaintiffs' vehicle prior to the collision that occurred as a result of the Gaitos' involvement. There is a genuine issue of material fact as to Mascaro's liability, and, therefore, summary judgment is inappropriate. Accordingly, Mascaro's motion for summary judgment is hereby denied.
 CONCLUSION
The co-defendant has standing to oppose a co-defendant's motion for summary judgment and said motion is denied for the reasons hereinbefore expressed. CT Page 15333
MELVILLE, J.